# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: July 30, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \*
NICOLE ECKHARDT, as the legal      \*     UNPUBLISHED
representative of the estate of her      \*
deceased son, C.R.,      \*     No. 12-765V
     \*
         Petitioner,      \*     Special Master Dorsey
     \*
v.      \*
     \*     Attorney's Fees and Costs;
SECRETARY OF HEALTH      \*     Reasonable Amount Requested to which
AND HUMAN SERVICES,      \*     Respondent Does not Object.
     \*
         Respondent.      \*
     \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

Curtis R. Webb, Twin Falls, ID, for petitioner.
Heather Lynn Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On November 14, 2012, Nicole Eckhardt ("petitioner") filed a petition on behalf of her minor son, C.R., pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that C.R. suffered "an anaphylaxis, non-anaphylactic allergic reaction, or acute asthma attack which caused his death" as a result of an influenza ("flu") vaccine administered to him on November 19, 2010. *See* Petition at ¶4. On June 4, 2014, a decision was entered awarding compensation to petitioner based on the parties' stipulation.

On July 29, 2014, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to a total award to petitioner of attorneys' fees and costs in the amount of $48,323.16. In accordance with General Order #9,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

1

petitioner's counsel represents that petitioner did not advance any reimbursable costs in pursuit of her claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

> in the form of a check jointly payable to petitioner and to petitioner's attorney, Curtis R. Webb, in the amount of **$48,323.16**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.